[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
PLAINTIFFS' MOTION FOR REARGUMENT AND TO SET ASIDE JUDGMENT
The plaintiffs move pursuant to § 204A of the Practice Book for reargument and to set aside the judgment rendered by West, J. dated and filed July 25, 1997 captioned "Memorandum of Decision on Motion for Summary Judgment (Docket Entry No. 104)."
The grounds upon which the plaintiffs rely for reargument are as follows:
1. The motion for summary judgment sought judgment on the claim of the plaintiffs of adverse possession to a portion of the property of the defendants Robert Scanlon and Theresa Stetson-Scanlon, as alleged in the Eighth Count, paragraphs 1, 2, 3 and 4.
2. The documentary evidence submitted by defendants Robert Scanlon and Theresa Stetson-Scanlon in support of their motion for summary judgment consisted of an affidavit by Theresa Stetson-Scanlon dated February 27, 1997; an affidavit of Eugene Hall dated January 31, 1997; and a notice filed of record, vol. 1527, p. 157 of the Fairfield Land Records, with "as built plot plan" attached.
3. In opposition the plaintiffs produced depositions of John and Jacqueline Edel taken April 28, 1997, and the affidavit of plaintiff Myra Kramer dated May 2, 1997.
4. All of the documentary evidence submitted to the court CT Page 9590 concerning the issue raised in the motion for summary judgment had to do with the 9, 941 square foot area identified as "area subject to claim" on Exhibit A attached to the complaint, which exhibit is also attached to this motion for reargument, and to set aside judgment.
5. Paragraphs 1, 2, 3 and 4 of the Eighth Count of the plaintiffs' complaint alleged a claim of adverse possession to the 9, 941 square foot area in question.
6. The Eighth Count also alleges in paragraph 5 that a portion of the plaintiffs' property along the 100 foot northerly boundary immediately south of the pool on the Scanlon property, as shown on Exhibit A, has been built in part upon, fenced and otherwise encroached upon, causing interference with the plaintiffs' use and enjoyment of their property.
7. For sake of clarity, the plaintiffs have highlighted on Exhibit A that portion of the boundary immediately south of the pool on the Scanlon property that is the subject of paragraph 5.
8. No documentary evidence whatsoever was submitted with respect to this portion of the boundary dispute. All of the evidence submitted by the defendants Robert Scanlon and Theresa Stetson-Scanlon had to do with the fenced off area described on Exhibit A as the "area subject to claim," consisting of 9,941 square feet. The court, after briefing and argument, and review of the documentary evidence and pleadings, rendered judgment in favor of the defendants Robert Scanlon and Theresa Stetson-Scanlon by memorandum of decision dated July 25, 1997, which disposes of the adverse possession claim with respect to the fenced off "area in dispute," but does not address the portion of the boundary dispute alleged in paragraph 5 of the Eighth Count.
9. The ruling of the court as it now stands is appealable pursuant to § 4002B of the Rules of Appellate Practice, as summary judgment was granted with respect to the entire Eighth Count.
10. The ruling of the court, if changed to exclude the allegations in paragraph 5 of the Eighth Count, would not be appealable of right, but rather would fall under the provisions of § 4002C, involving judgments that do not dispose of all claims brought by or against one or more parties.
11. In either event, the plaintiffs intend to appeal the granting of summary judgment concerning the 9, 941 square foot area addressed in the trial court's memorandum of decision dated July 25, 1997. Before CT Page 9591 doing so, however, it is manifest that the record should be corrected to reflect that the court's decision only deals with a portion of the boundary dispute as alleged in paragraphs 1, 2, 3 and 4 of the Eighth Count, and does not address the factual issues raised in paragraph 5 of the Eighth Count.
RESPECTFULLY SUBMITTED,
THE PLAINTIFFS, Myra Kramer, et al
WILLIAM F. GALLAGHER Gallagher, Gallagher Calistro Their Attorneys.
ORDER
The foregoing motion, having been reviewed by the court, is hereby ORDERED: GRANTED, and the decision of the court entered July 25, 1997 on the Eighth Count is corrected to reflect that summary judgment is granted with respect to the claim of adverse possession asserted in the Eighth Count having to do with the 9,941 square foot area identified as "area subject to claim" on Exhibit A attached to the complaint, as alleged in paragraphs 1, 2, 3 and 4 of the Eighth Count of the complaint. The judgment does not affect or dispose of the factual allegations in paragraph 5 of the Eighth Count.
THE COURT,
West, J.
CERTIFICATION OF SERVICE
THIS IS TO CERTIFY that a copy of the foregoing has been mailed, postage prepaid, to all counsel of record on the above date:
Robert B. Bellitto, Esq. 1495 Black Rock Turnpike Fairfield, CT 06432
Richard H. Raphael, Esq. 19 Ludlow Road Westport, CT 06880
John F. Fallon, Esq. 1305 Post Road CT Page 9592 P.O. Box 954 Fairfield, CT 06430-0954
Paul E. Pollock, Esq. Bai, Pollock Coyne, P.C. 10 Middle Street Bridgeport, CT 06604
Andrew B. Nevas, Esq. Nevas, Nevas Capasse 246 Post Road East P.O. Box 791 Westport, CT 06881-0791
John Kennelly, Esq. Halloran Sage One Goodwin Square 225 Asylum Street Hartford, CT 06103
WILLIAM F. GALLAGHER
[EDITORS' NOTE: EXHIBIT A IS ELECTRONICALLY NON-TRANSFERRABLE.]